# Agee & Co. *v.* L. & N. R. R. Co.

## *Bill in Equity for Injunction.*

1. *Common carrier; when shown; discrimination in use of track; injunction.*—Where a railroad company operates a track lying adjacent to business houses, which is not one of its regular side tracks, but is known as a "house track," and for several years continuously serves the persons occupying the business houses located along said track, by delivering at their respective places of business, cars of freights and cars to be freighted and shipped, such railroad company becomes thereby a common carrier with respect to the use it has made of said track, and as such common carrier it is under obligations to treat the public without unfair discrimination; and one of the owners of business conducted along said track can maintain a bill in equity to enjoin said railroad company from making unlawful and unjust discrimination against him by discontinuing serving him by placing cars for him on said track, while furnishing cars to others along the same track.

2. *Equity pleading and practice; new matter in answer not considered on motion to dissolve injunction.*—On a motion to dis-

solve an injunction on the denials of the answer, the court's consideration is confined to matters which are in denial of the averments of the bill; and new matter averred in the answer by way of defense will not be considered.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. CHARLES A. SENN.

The bill in this case was filed on May 16th, 1903, by the appellants, W. C. Agee and E. W. Rucker, partners doing business under the firm name of W. C. Agee & Co., against the Louisville & Nashville Railroad Company and the South & North Alabama R. R. Company. It was averred in the bill that the complainants were wholesale dealers in grain, flour, hay and feed stuffs; that their said business was carried on in a storehouse constructed for that purpose, situated on the corner of Morris Ave. and 24th street, in the city of Birmingham, near Railroad Avenue, in said city; "that practically all of their freight is received in carload lots from a railroad track which lies adjacent to said building, and their freight is shipped in carload lots, which is loaded upon cars placed upon said track; that this track which is built adjacent to the complainant's storehouse, was built by the Louisville & Nashville R. R. Co., and was one of what is known as "house tracks," which have been constructed by the Louisville & Nashville R. R. Company and other railroad Companies in the city of Birmingham for the purpose of facilitating the handling of freight in carload lots, which is shipped to and from the wholesale merchants of said city; "that the receipt and delivery of freight by the Louisville & Nashville R. R. Co. to its customers adjacent to said house tracks have become an important feature of its business as a common carrier." The bill then contains the following averments: "That more than fifteen years ago respondent Louisville & Nashville Railroad Company constructed a railroad house track over and along a strip of land adjoining Railroad Avenue immediately adjacent to the lot on which orator's store house mentioned in Sec. 2 of bill is located, in said city, connecting the same with one of its other

tracks on said Avenue by means of which track so constructed said railroad company proposed to serve a number of patrons whose property abutted said Railroad Avenue in like manner as that on which orator's house is situated; that during all of said fifteen years said respondent, railroad company, has continuously and without interruption operated its cars and trains over said house track serving its patrons, including the owners of the lot upon which said store house is situated, whose property abutted said Avenue, by allowing them to receive and discharge their freight to its cars from their several places of business; that valuable houses have been constructed along said house track since the location of the same, the owners of the same being induced to locate them as aforesaid on account of the location of said track by said respondent and its operation of its trains over the same as aforesaid; that large and important business interests have been established and grown up on lots situated along said track; not only the success but the very life and existence of which depend upon the continuous future operation of said railroad cars over said track in substantially the same manner as they have been operating in the past. Orators further charge that railroads operating house tracks as above stated in this city and section have served their patrons whose places of business were located on the same by using such house tracks for switching purposes in that they have delivered to their patrons all cars consigned to them coming over any and all railroads and delivering for their said patrons by means of said house track all other railroads' cars destined to points on any and all railroads; that the custom to use house tracks as heretofore charged by railroads in this city and section has grown to be and is now a well established custom among them as common carriers; that by the long continued custom established by the railroads they have become and are common carriers over such house tracks for their patrons whose places of business are situated thereon; that the respondent, Louisville & Nashville Railroad Company has, in common with other railroads entering Birmingham, by

long and continuous usage and custom, continuing for
more than twenty years, made itself a common carrier
of freights over its house tracks to persons whose busi-
ness is situated on such house tracks. Orators further
aver and charge that respondent, Louisville & Nashville
Railroad Company has by constructing and building its
said house track on which orators store house is situa-
ted and by maintaining and operating the same, by serv-
ing its patrons whose places of business are situated
thereon, continuously, for more than fifteen years by
furnishing them cars on said track at their several places
of business, for the purpose of receiving and discharging
their freights, has constituted itself a common carrier
of freights over said track for orators and others, whose
places of business are situated thereon. And respondent,
South & North Alabama R. R. Company has, by permit-
ting the Louisville & Nashville R. R. Company to so
contract and operate said track, become a common car-
rier over said track for orators and persons whose places
of business are situated thereon."

"Orators further charge that respondent Louisville &
Nashville R. R. Co. has since it constructed said house
track been serving your orators and other patrons whose
property abutted on said track by furnishing them ser-
vice over said track by delivering to them cars of freight
at their respective places of business on said track either
coming over it own lines or over the lines of other car-
riers connected with it in said city and by furnishing
them with empty cars at their respective places of busi-
ness to be loaded by them whether said cars came over
its own line or the lines of connecting carriers in said
city, and deliver said cars when loaded to its main line
when so destined, or to connecting carriers in said city
when intended for such connecting carriers until the
7th day of the present month. That since said last-named
date while said railroad company has furnished its other
patrons on its said line service as it has heretofore done,
it has wholly failed and refused in any way to serve
your orator on said line, except to deliver one or two
car loads of freight which had been ordered to be placed
at their place of business before the said last named date.

Orators further charge that said railroad company declared its intention in future not to serve your orators in any way whatever over said line, notwithstanding it is now and has been since said 7th inst., and in future proposes to serve its other patrons on said line as it has heretofore done and as is usual to serve such patrons on such lines. Your orators charge that said railroad company has no right or lawful excuse for thus discriminating against it by denying it service on equal terms with its other patrons on its said track; that such discrimination is unlawful, unjust and arbitrary and if persisted in will entirely destroy your orators' business and render valueless or nearly so the business house which it has constructed on its lot aforesaid, as it will be impracticable, in fact impossible for it longer to continue in business in said place, if said discrimination is allowed to continue  That some of the business firms on said track in whose favor such discriminations are being made are engaged in the same kind of business as your orators, and are your orators' rivals in business. Your orators charge that they have offered to pay said Louisville & Nashville R. R. Co. such compensation for the service on said house track as they have heretofore paid for like service, and as their rivals and other business concerns located on said house track are now paying for such service. In fact, orators have offered to pay any reasonable charge for such service as said railroad company might demand. Yet, notwithstanding this offer and notwithstanding it has been informed of the loss and ruin of orators' business, said railroad company persists in its refusal to serve orators as it has heretofore done and it is now doing for other persons and business concerns located on said track. Your orators further charge that the respondent South & North Alabama Railroad Company under the franchises granted to it by the State of Alabama is required to serve orators over said track as other persons and business concerns located on said track are being served either by itself or by the said Louisville & Nashville R. R. Co. to which it has committed the operation of its road and into whose hands it has placed its

property and which it is permitting to exercise the fran-
chise granted to it by the State of Alabama to operate
its railroad therein."

There were other averments in the bill, that by the re-
fusal of the Louisville & Nashville R. R. Co., which was
operating the South & North Alabama R. R. Co., to de-
liver cars to the complainants upon said track, the com-
plainants suffered irreparable and incalculable damage
in their business, and if the respondents were allowed
to continue the unlawful, unjust and arbitrary discrim-
ination, the complainants' business would be utterly de-
stroyed. The complainants also offered to pay the Louis-
ville & Nashville R. R. Co. whatever compensation is
reasonable and just for the performance by it for the ser-
vice asked of it to be performed for complainants in fur-
nishing them with service on said track.

The prayer of the bill was that an injunction be issued,
directed to each of the respondents, their servants, agents
and employees having charge of the operation of said
railroad in the city of Birmingham, directing them to re-
frain from withholding from complainants the service
which had theretofore been accorded them in connection
with their business, by furnishing them with cars con-
taining freight and with cars in which freight was to be
shipped. There was a temporary injunction issued. The
respondents filed an answer, in which, among other
things, it is averred that the house track referred to in
the bill was constructed over land which belonged to per-
sons other than the respondents; that the owners of said
land paid for the construction of said track, and said
track has ever since its construction been claimed by the
owners of the land upon which it is constructed, which
claim of ownership is acquiesced in by the respondents.
It was then averred in the bill that the track mentioned
therein "as the one on which complainants warehouse
is situated is not on the property of either of respondents,
nor is it claimed or owned by them, but is the property of
private individuals who own the lands on which said
track is situated and who have always maintained said
track at their own expense. Respondents admit that
over said track it has served a number of patrons on

whose property the said track was situated and among them complainants, and that since the construction of said track it has continuously and without interruption placed cars on said track for the purpose of serving its patrons including the owners of the lot on which complainants warehouse is situated, and upon whose property said track is located, allowing them to receive and discharge freights to and from its cars from their several places of business. Respondents admit that the complainants' warehouse and the structure formerly owned and occupied by the Birmingham Compress Company, but now occupied by the Alabama Mill & Elevator Company, are constructed along 'said track and deny that any other buildings or structures are or have been located along the same and aver that said track is constructed on the property belonging to the owners of the land on which these buildings are constructed and that said track was constructed by or for the owners of such buildings and lands. Respondents have no knowledge of what induced the owners of said land to locate and construct said buildings and for want of information deny that they were so induced to locate on account of said location of said track or the operations of respondents' trains over same, and respondents deny that said track was located by them, or either of them, but was so located by the respective owners of the lands on which it is constructed."

In said answer, the Louisville & Nashville R. R. Co. also denied that by long and continuous usage and custom, it had "made itself a common carrier of freights over its house tracks or those of private individuals connected therewith to persons whose places of business are situated on such house tracks, or on the tracks of private individuals." The other facts averred in the answer are sufficiently stated in the opinion.

The respondents made a motion to dissolve the temporary injunction upon the grounds that there was no equity in the bill, and upon the denials of the answer. On the submission of the cause upon this motion a decree was rendered, sustaining the motion, and ordering the temporary injunction theretofore issued, dissolved.

From this decree the complainants appeal and assign the rendition thereof as error.

FRANK S. WHITE & SONS, for appellants.—"Railroad Companies are quasi public corporations created for the purpose of exercising the functions and performing the duties of common carriers and these duties are defined by law, and accepting their charters they necessarily took with them all the duties and liabilities annexed; and they are required to supply to the extent of their resources adequate facilities for transaction of all business offered, and to deal fairly and impartially with their patrons."—Hutchinson on Carriers, Section 297, *et seq., L. & N. R. R. Co. v. Pittsburg, etc., Coal Co.,* (Kentucky) 23 Am. & Eng. R. R. Cases, new edition page 332; *McCoy v. Railroad Company,* 13 Federal 5; *Munn v. Illinois,* 94 U. S. 126. A railroad operating a spur-track cannot plead as an excuse for its failure to serve all its patrons on said track alike, that its right of way over said track was granted it on conditions that it would give advantages to the person granting the right of way not given to others on said track.—*L. & N. R. R. Co. v. Pittsburg etc. Coal Co., supra; Houston & T. C. R. R. v. Smith,* 22nd Am. & Eng. R. R. Cases, (old edition) page 421.

Those engaged in the carrying trade can become common carriers by virtue of the attitude they assume to the public even where they otherwise would not be, and they are estopped from denying that they are when proceeded against as such. Having assumed the relation as common carriers they cannot discriminate as between their patrons but must treat all alike.—5 Am & Eng. Enc. of Law 177, Section 4; *New England Express Company v. Maine Central R. R. Co.,* (Maine) 2nd American Reports 31; *Wheeler v. San Francisco R. R. Co.,* (California) 89 Am. Decisions 147; *Messenger v. Penn. R. R. Co.,* (New Jersey) 18th Am. Reports 754; *Kenney v. Grand Trunk R. R.,* 47th New York 525.

Even if the owner of the track objected to its use in serving appellant it would be no excuse for its failure to serve them.—*Louisville & Nashville R. R. Co. v. Pitts-*

*burg etc. R. R: Company,* 23rd Am. & Eng. R. R. Cases, (new edition) 332.

J. M. FALKNER, GEORGE W. JONES and W. I. GRUBB, *contra.*—As to switched cars from connecting lines, where no transportation service is involved, but only a switching or transfer service, as distinguished from the former, the appellees do not act as common carriers, cannot be compelled to perform such service and cannot be guilty of unlawful discrimination in performing it for one individual or connecting road, while declining to do so for another.—*T. & N. O. R. R. v. Gulf & Interstate R. R. Co.,* 54 S. W. Rep. 1031; *T. & N. O. R. R. Co. v. Gulf & Interstate R. R. Co.,* 56 S. W. Rep. 328; *Dixon et al v. C. of G. Ry. Co.,* 35 S. E. Rep. 369.

The injunction should have been dissolved. The answer contained a sufficient denial of the charge of unjust discrimination. The bill charges, not alone discrimination, but unlawful and unjust discrimination, and the burden of proving this charge was on appellants. A denial of the charge in the answer, if sworn to, made on knowledge and unequivocal, would avail to dissolve the injunction. It is true that the denial should be of the facts alleged to constitute the unlawfulness and injustice of the discrimination, and not of the unlawfulness and injustice of it as a mere conclusion.—*C. & W. R. R. Co. v. Witherow,* 82 Ala. 194. This is true when the complainant avers any facts in his bill of complaint on which he predicates the conclusion of unlawfulness and injustice of the discrimination. Appellants here set out no facts in their bill to support the charge of unlawful and unjust discrimination, which is charged as a conclusion. The bill charges both the discriminaton and its unlawfulness. The answer admits the discrimination and denies its unlawfulness by setting out the facts and reasons which it is claimed make it lawful. The discriminaton could only be unlawful where the parties discriminated in favor of and against were similarly situated, and where there was no good reason for it. The purport of the facts set up in the answer is to show

that the appellants and other shippers on the track in question were not similarly situated in, that one refused to pay demurrage while the others paid it promptly, and to show the reasonableness of the car service rule under which non-paying shippers were discriminated against in deliveries on private tracks. This is in denial of the charge in the bill that the discrimination was without valid excuse and unlawful and is directly responsive to it.—*Youle v. Richards et al.*, 1 N. J. Equity, 534. So in denying the charge of unlawful discrimination appellees have the right to state the whole transaction and facts so stated are responsive to the material allegation of unlawful discrimination.—*Cornelius et al. v. Post et al.*, 9 N. J. Eq. 196; 10 Am. Encyc. Pleading & Practice, 1072.

PER CURIAM.—Complainants are wholesale provision dealers conducting business in a house near Railroad Avenue in Birmingham, and have been receiving and shipping away goods over a railroad track located adjacent to that house, and operated by the defendant, the Louisville & Nashville Railroad Company. For some years next before the 7th day of May, 1903, that company had continously served persons having business houses located along that track, by delivering at their respective houses cars of freight and cars to be freighted and shipped, and had so served complainants from the spring of 1902 to the 7th day of May, when, having a few days theretofore given notice of its intention to do so, it discontinued that service to complainants but continued furnishing it to others along that track. Besides other facts set forth in the bill the foregoing are alleged and are not denied in the answer except as to the capacity in which the railroad company operated the track referred to. As to that, the answer avers the track was owned by and was on lands of complainants and persons other than defendant, and that the car service thereon was not rendered by the railroad company as a common carrier.

23c

[Agee & Co. v. L. & N. R. R. Co.]

One theory upon which complainants seek relief is that the alleged refusal of car service, constitutes unlawful and injurious discrimination. Assuming the truth of the bill, that theory is well founded. The facts alleged in the bill and not denied in the answer show the Louisville & Nashville Railroad Company was a common carrier with respect to the use it made of the track in question. As a common carrier it was under obligation to treat the public without unfair discrimination. In the answer it is averred, in substance, that before and when the car service was refused, complainants owed, and had refused payment of, a debt, to the Louisville & Nashville Company accruing for detention of cars and that by reason of this fact, together with a rule of a car service association whereunder that, and other railroad companies were operating, the discontinuance of car service to complainants was authorized. This is new matter within the meaning of the rule which on the hearing of a motion to dissolve an injunction on answer made confines the court's consideration to matters which are in denial of the bill's averments. To now determine whether this new matter can be availed of to prevent relief on final hearing would be inappropriate. The bill has equity and apart from new matter set up in the answer, no defense is shown. We are of the opinion that the injunction should be retained until the further hearing of the cause and will order that this be done, and that the decree of dissolution be reversed, and the cause remanded.

Reversed and remanded.